# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0422-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DONALD E. ROBINSON,

      Defendant-Appellant.

---

Submitted September 5, 2018 – Decided September 18, 2018

Before Judges Alvarez and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 07-02-0795.

Hegge & Confusione, LLC, attorneys for appellant (Michael J. Confusione, of counsel and on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Donald E. Robinson appeals from the September 21, 2017 Law Division decision denying his second petition for post-conviction relief (PCR), claiming ineffective assistance of trial counsel. Judge Gwendolyn Blue dismissed the claim as time barred pursuant to Rule 3:22-12(a)(2). We affirm.

After a bench trial, on March 13, 2008, the judge convicted defendant on a single count of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). On July 20, 2008, defendant was sentenced to eight years imprisonment, subject to eighty-five percent parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to Megan's Law. See N.J.S.A. 2C:7-1 to -11. His direct appeal was denied. State v. Robinson, No. A-5944-07 (App. Div. June 25, 2010) (slip op. at 1-2). No further appeal was taken.

On March 22, 2013, defendant's first PCR petition was denied by way of a written opinion. He appealed, and that decision was affirmed. State v. Robinson, No. A-6260-12 (App. Div. Apr. 6, 2015) (slip op. at 1). The Supreme Court denied defendant's subsequent petition for certification on July 10, 2015. State v. Robinson, 222 N.J. 19 (2015). This PCR petition was filed in November 2016. The charges stem from defendant's sexual assault of a woman with whom he had been previously involved in a romantic relationship. During the bench trial, defendant contended that the sexual activity was consensual.

Defendant now alleges that trial counsel was ineffective for failing to present the testimony of defendant's daughter and a friend who could have cast doubt on the victim's credibility. The information they had related to several instances where the victim was allegedly untruthful, although they had no information regarding this charge. Defendant further alleges that the friend would have also confirmed that the victim attempted to contact defendant after the assault.

In our decision affirming the denial of the first PCR, we noted that defendant claimed then, as he does now, that his trial attorney was ineffective as a result of failure to prepare for trial and present exculpatory witnesses.

Judge Blue denied defendant's second PCR petition as time barred, and concluded on the merits that defendant's proffer did not establish that had the two witnesses been presented in the course of the bench trial, the outcome would have been different. At the time of the trial, for example, defendant testified that the victim contacted him after the assault.

Defendant now raises the following point for our consideration:[1]

> The trial court erred in denying defendant's petition for post-conviction relief.

---

[1] Rule 2:6-2 (a)(1) requires the table of contents to "includ[e] the point headings to be argued." Although the subsections of the single point heading were set forth before the pertinent argument in the brief, they were not included in the index. We add them for the sake of clarity.

A-0422-17T1

> A.    The trial court erred in ruling that defendant's petition was untimely.
>
> B.    Defendant established at least prima facie ineffective assistance of trial counsel.
>
> > The trial court at least erred in failing to hold an evidentiary hearing below.

We reject defendant's argument as so lacking in merit as to not warrant discussion in a written opinion.  See R. 2:11-3(e)(2).

Rule 3:22-12(a)(2) states that no second or subsequent petition for PCR "shall be filed more than one year after the latest of . . . the date of the denial of the first . . . application for post-conviction relief" where defendant alleges ineffective assistance of counsel.  A 2009 amendment to the rule clarifies that the one-year limitation for second or subsequent petitions is not relaxable.  R. 3:22-12(b); see also State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018).  Indeed, Rule 3:22-4(b) requires the dismissal of a second PCR petition if untimely as defined under Rule 3:22-12(a)(2).

As Judge Blue pointed out, defendant did not proffer an explanation for the delay between the denial by the Supreme Court of defendant's petition for certification and his subsequent PCR petition.  There was a lapse of a year and four months between that decision and the filing of the PCR petition we now

consider.[2]  As Judge Blue also pointed out, defendant failed to identify the manner in which the testimony of his daughter and friend regarding their opinion of the victim's dishonesty would have impeached her statements regarding the incident.  Defendant vigorously attacked the victim's credibility during the bench trial, and the witnesses would not have added anything to his version of the events.

Defendant has raised these issues before.  In no way did the failure to consider presenting additional proofs regarding extraneous impeachment materially impact the final outcome.  This second PCR petition was time-barred and lacks merit.  R. 3:22-12(a)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  It is technically defendant's third petition as a second was filed and denied while defendant's appeal was still under consideration.